**HB**

*EPHRAIM TAHIR MELLA, ESQ.*
Law Offices of Tahir Mella
1814 Callowhill Street, 1st Flr.
Philadelphia, Pennsylvania 19130
Tel. (215) 564-9770
*Attorney for Petitioner*

**PA Bar #69549**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**07    3548**

| | |
|---|---|
| **HARJINDER SINGH,** | : |
| Petitioner, | : |
| *v.* | : |
| **MICHAEL CHERTOFF,** Secretary U.S. Department of Homeland Security; | : |
| **EMILIO T. GONZALEZ,** Director, U.S. Citizenship &  Immigration Services; and | : |
| **DONALD MONICA,** Director USCIS, Philadelphia District Office. | : |
| Respondents. | : |

**Civil Case No._____**
**Petition for Declaratory and Injunctive Relief**

**Agency No: A76-577-055**

## PETITION  FOR DECLARATORY
## AND INJUNCTIVE RELIEF

PETITIONER **HARJINDER  SINGH**, by counsel, to this Hon. Court, respectfully FILES this PETITION FOR DECLARATORY JUDGMENT and

1

INJUNCTIVE DECREE, against Michael Chertoff,  Emilio T. Gonzalez, and Donald Monica, in their respective official capacities (collectively the "Respondents") on the following grounds, thus –

## PREFATORY STATEMENT

1. This action is for declaratory judgment, to seek a review *de novo* of Respondents' denial of Petitioner's Application for Naturalization, Form N-400 ("N-400 Application"), in accordance with Chapter 7 of Title 5, of the United States Code. Copy of the Decision dated January 10, 2006, is hereto attached as *Annex "1"*.

2. Petitioner also seeks injunctive relief to prevent Respondents from excluding Plaintiff as a naturalized citizen, and to compel Respondents to adjudicate Petitioner's N-400 application in his favor.

## I. JURISDICTION

3. This is a civil action brought pursuant to *8 U.S.C. § 1329* (jurisdiction of the district courts), *28 U.S.C. § 1331* (federal question jurisdiction) and *5 U.S.C. § 701* (right to judicial review) to redress the deprivation of rights, privileges, and immunities secured to the Petitioner.

4. *28 U.S.C. § 2201(a)* provides that "[i]n a case of actual controversy within its jurisdiction…, any court of the United States, upon the filing of an

2

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

5. Jurisdiction is also conferred by *5 U.S.C. § 702*, the Administrative Procedures Act ("APA"), which states that –

> "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

*5 U.S.C § 703* –

> "The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction."

*5 U.S.C. § 704* –

> "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."

## II. VENUE

6. Venue is proper under *28 U.S.C. § 1391(e)*, because this is an action against officers and agencies of the United States in their official capacities,

brought in the district where a defendant resides  and where a substantial part of the events or omissions giving rise to the Petitioner's claim occurred. Because the Decision was issued by the DHS District Office in Philadelphia, venue is proper in this district.

### III. CAUSE OF ACTION

7. The antecedent and operative facts of the case may be summarized as follows, thus –

8. Petitioner is a 40-year old male, native and citizen of India, who is a US permanent resident when he adjusted status on September 29, 1997. Since that time, and before he filed for naturalization, Petitioner has been continuously residing in the United States, is attached to the principles of the US Constitution, and has always been of good moral character.

9. On June 23, 2004, Petitioner filed an N-400 Application for Naturalization with the Respondents' USCIS District Office in Philadelphia. On May 12, 2005, Petitioner was scheduled to be examined by Respondent's immigration officer, Melvin Roby. After the examination, Respondents denied Petitioner's application, in a Decision dated January 10, 2006, copy of which is attached as *Annex "1" supra*.

10. The examining officer allegedly found that Petitioner gave false or misleading testimony during the examination, in that he did not disclose to Respondents that he was in removal proceedings, or that an he was ordered

excluded from the United States on March 26, 1991, at anytime when he applied for his adjustment of status or naturalization.  As a consequence, the examiner found, albeit erroneously, that Petitioner is not deemed a person of good moral character.

11. On February 18, 2006, Petitioner thru his counsel filed a Request for Hearing under Section 336(a) of the Immigration Act, challenging the denial of his naturalization application.  However, notwithstanding his arguments submitted in his brief, and his oral testimony before the immigration officer, the denial of his application was affirmed by Respondents. Copy of the Decision dated May 10, 2007, is hereto attached as *Annex "2"*.

12. Hence, this Petition seeking a *de novo* judicial review of such denial before the Hon. District Court, and to conduct a hearing *de novo* of Petitioner's application.

## IV. GROUNDS RELIED UPON BY PETITIONER FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

13. A cursory review of the Decision (*Annex "2", supra*) reveals that the Respondent <u>USCIS District Director made the following finding of facts</u> thus -

13.1 Petitioner admitted to the hearing officer that he arrived in California without a travel document, and was arrested and kept in custody by the immigration officials for a few weeks;

5

13.2. Petitioner was placed in removal proceedings through a Notice to Appear but he applied for asylum in the United States;

13.3. Petitioner requested a change of venue from California to New York, which was granted by the Immigration Judge.

13.4. Petitioner was arrested in New York for working illegally, but subsequently released. He identified his picture in the "exclusion card" which is on file.

13.5. At the exclusion hearing, Petitioner admitted that his true name is Gurjand Singh, and not Harjinder Singh, and he was born on February 14, 1964, at Manki, in Punjab, India.

13.6. Petitioner's asylum, and withholding of removal were denied, and he was ordered deported from the United States. Petitioner filed an appeal with the Board of Immigration Appeals, but the same was dismissed.

14. In conclusion, Respondents stated that Petitioner provided false testimony for the purpose of obtaining an immigration benefit, since Petitioner "continued to claim that the exclusion and deportation pertained to another person, and that he was never deported from the United States, and did not use other names or aliases.

15. Contrary to Respondents' findings, however, Petitioner's name "Harjinder Singh", was falsely assumed by another person, who was actually

ordered excluded on November 2, 1992. The person who appeared as an imposter, filed an appeal with the Board of Immigration Appeals, after being ordered deported, but his appeal was dismissed on June 4, 1993. While it may be true that the imposter's entries in his biographic information are much like the same as Petitioner's biographic information, it may be wise to note that the picture and fingerprints therein are not of Petitioner's. This is why the Adjudication Officer  approved Petitioner's application for adjustment of status to permanent resident, when he filed said adjustment, since he was aware of the false identity perpetrated on Petitioner, and therefore, closed the case.

16. Moreover, the Adjudication Officer, after approving the adjustment of status, issued Petitioner a new alien registration number, which is A76-577-055, in lieu of the old alien registration number, which is A71-622-437, pertaining to the exclusion proceedings. However, perhaps because of Service error, the "green card" that was issued to Petitioner, still contained the old alien registration number, which is A71-622-437.

17. Petitioner attempted to rectify the error made by actually going to the USCIS District Office in Philadelphia. The immigration officer who confronted Petitioner, just crossed out the I-551 stamp on his "green card",  and did not issue a new one.

18. Petitioner is not guilty of making a false testimony regarding his exclusion order, and also the matter relating to the use of aliases. The truth of the matter is that, during his interview with Mr. Melvin Roby, in connection with his application for naturalization, on May 12, 2005,   Petitioner disclosed that he was

arrested at a gas station for working without a permit. Consequently, Petitioner was arrested and detained by Respondents, and his fingerprints were taken, but they did not find any record of an exclusion order issued against him. Petitioner was told that he would be issued a new alien registration number, but the same did not materialize.

19. It is therefore implausible to assume that Respondents were unaware of Petitioner's past immigration record, if he had any, because his fingerprints were processed.  The exclusion order occurred  in 1992, and his "green card" was issued in 1997. Certainly, A lapse of five (5) years could not pass unnoticed in the record of Respondents' immigration cases.

20. Obviously, the exclusion matter pertained to another person, and that is why either the Service did not detect the previous exclusion order, or knew about the exclusion order, and granted Petitioner his adjustment of status anyway, because it realized that Petitioner was not the subject of the exclusion order.

21. Be that as it may, Petitioner had disclosed all the above-mentioned facts to immigration officer, Mr. Roby, and Petitioner denies that he committed misrepresentation in his interview and examination, and in all the forms he had submitted, for his adjustment and naturalization papers with Respondents. Even assuming, *arguendo*, that there was a misrepresentation, it is respectfully submitted that it is not material to the application.  It is well established that exclusion is not a bar to adjustment.  Therefore, even the disclosure of such would not affect materially the outcome of the case.

# C O N C L U S I O N

WHEREFORE,  it is respectfully prayed that, after a *de novo* review of the above-entitled case, a declaratory judgment be rendered in favor of Petitioner, declaring that Petitioner be entitled to seek judicial review,  and to have his application for naturalization approved by Respondents, and to prevent Respondents from excluding Petitioner as a naturalized citizen, and to adjudicate his application meritoriously in his favor.

Petitioner prays for such further relief as may be just and equitable under the circumstances.

**Ephraim Tahir Mella, Esquire,**
Attorney for the Petitioner

Dated: August 17, 2007.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this   17th day of August, 2007, I caused to be served the following document:

## PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

_____ by HAND DELIVERY to the  person/s at the address set forth below.

_____ by regular mail to the  person/s at the address set forth below.

### OFFICE OF THE GENERAL COUNSEL
### OFFICE OF IMMIGRATION LITIGATION
### US DEPARTMENT OF JUSTICE
### CIVIL DIVISION
### P.O. BOX 878, BEN FRANKLIN STATION
### WASHINGTON, D.C. 20044

I declare under penalty of perjury that the foregoing is true and correct.

_____

Ephraim Tahir Mella, Esquire,

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARJINDER SINGH,** | : | |
| | : | |
| Petitioner, | : | **Civil Case No._____** |
| | : | **Petition for Declaratory** |
| *v.* | : | **and Injunctive Relief** |
| | : | |
| **MICHAEL CHERTOFF,** Secretary | : | **Agency No. A76-577-055** |
| U.S. Department of Homeland Security; | : | |
| **et al,** | : | |
| | : | |
| Respondents. | : | |

## O R D E R

Before this Court is a Petition for Declaratory and Injunctive Relief filed by Petitioner, to declare his entitlement for naturalization pursuant to the provisions of Section 310 of the Immigration and Nationality Act, and to compel the Respondents to adjudicate his naturalization application; or in the alternative, to have this Court exercise its authority to determine said application.

Upon consideration of the merits of said Petition, we find the same meritorious, and hereby orders respondents to show cause why said Declaratory Judgment and Injunctive Relief should not issue.

SO ORDERED. August 17, 2007.

_____
*J.*

11



Direct all responses by mail to the office listed below:
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
1600 Callowhill Street 3rd Floor
Philadelphia PA 19130

**U.S. Department of Homeland Security**
*United States Citizenship and Immigration Services*

Harjinder Singh
RD #1 Box 53D
Liverpool, PA 17045

**Refer to this file:** ESC*001262354
**Alien Number:** A76577055

JAN 1 0 2006

## DECISION

On May 12, 2005, you appeared for an examination of your application for naturalization, which was filed on June 23, 2004 in accordance with Section 316(A) of the Immigration and Nationality Act.

Section 316(a) of the Act states in pertinent part:

No person shall be naturalized unless such applicant, during all periods referred to in this Section, has been and still is a person of Good Moral Character.

Title 8, Code of Federal Regulations, Part 316.10 states in pertinent part:

(b)(2) An applicant shall be found to lack good moral character if during the statutory period the applicant…Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit.

A review of your immigration file confirms that an *order of exclusion was issued to you on March 26, 1991.* Further review confirms that you did not disclose this exclusion order on your Application to Register Permanent Residence or Adjust Status (Form I-485), nor did you disclose the above exclusion order on your Application for Naturalization (Form N-400).

On May 12, 2005, while under oath, you were interviewed by an officer of the United States Citizenship and Immigration Services. At this interview, you failed to disclose any removal, exclusion, rescission or deportation proceedings pending against you and you did not disclose other names used. Additionally, you indicated on your Form N-400 that you never gave false or misleading information to any U.S. government official while applying for any immigration benefit. You have given false testimony, regardless of whether this false testimony provided was material or not, during and outside the statutory period, which in the aggregate precludes the Service from finding you as a person of good moral character.

This decision is made without prejudice to the filing of new application in the future. If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, **you must file a request for a hearing within 30 Days** of the date of this notice. If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District

Director, United States Citizenship and Immigration Services office which made the decision, on Form N-336, **Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with a** <u>fee of $265</u>.  A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

Evangelia K. Klapakis
Acting District Director

*Philade,*        *District Office*

**U.S. Department of Homeland Security**
1600 Callowhill Street
Philadelphia, PA 19130

 **U.S. Citizenship**
**and Immigration**
**Services**

A76 577 055

May 10, 2007

Harjinder Singh
RD #1, Box 53D
Liverpool, PA  17045

<u>**DECISION**</u>

Reference is made to the Request for Hearing on a Decision Naturalization Proceedings Under
Section 336 of the (Immigration and Nationality) Act, which you filed with the Service on
February 8, 2006.  The application seeks a review of the decision made on January 10, 2006,
denying the Form N-400, Application for Naturalization.

In the denial of the N-400, the Service found that you were ineligible for naturalization because
while under oath before an officer of this Service you provided false testimony of the purpose of
obtaining an immigration benefit.

Title 8, Code of Federal Regulations, Part 336.2 states in pertinent part:
> Hearing before an immigration officer…The review officer shall have the
> authority and discretion to review the application for naturalization, to examine
> the applicant, and either to affirm the findings and determination of the original
> examining officer or to re-determine the original decision of the Service in whole
> or in part.  The reviewing officer shall also have the discretion to review any
> administrative record which was created as part of the record which was created
> as part of the examination procedures as well as Service files and reports.  He or
> she may receive new evidence or take such additional testimony as may be
> deemed relevant to the applicant's eligibility for naturalization…

In support of your request for hearing, a brief submitted by your counsel states the following:
1)"The Harjinder Singh who was excluded on November 2, 1992, and whose appeal was
dismissed on June 4, 1993, was another person who had assumed Mr. Singh's identity…";
2)"Obviously, the exclusion matter pertained to another person, and that is why either the Service
did not detect the previous exclusion order, or knew about the exclusion order and granted my
client's LPR status anyway, because it realized that my client was not the subject of the
exclusion order."; 3)"At any rate, my client had disclosed all these facts to Office Roby, and
therefore there is no representation."; and 4) "Even assuming, *arguendo*, that there was a
misrepresentation, it is respectfully submitted that it is not material to the application.  It is well
established that exclusion is not a bar to adjustment.  Therefore, even the disclosure of such
would not affect materially the outcome of the case."

Page 2
A76 577 055

You appeared for a hearing on November 14, 2006 with your counsel. At the hearing you admitted that you arrived at an airport in California without any documentation and that you remained in the custody (under arrest) of immigration for a few weeks. Upon your release, you were given papers [presumably a Notice to Appear for a Hearing] by the Immigration Service. You stated that you applied for asylum in the United States. During the pendency of your exclusion hearing, you, through your attorney, requested a change of venue, this request was granted and your case was moved from California to New York. You also mentioned that you were encountered by immigration officials, while you were working illegally in New York and that these officials released you. At the review hearing you confirmed that a picture in the file on an "exclusion card" was your picture.

A review of your file shows that on October 29, 1990, you arrived at San Francisco International Airport, San Francisco, CA from Singapore using the name *Harjinder Singh*. You were not in the possession of any travel documents and you were taken into custody and detained for a hearing before an immigration judge. On December 10, 1990, you submitted a Request for Asylum in the United States using the name *Harjandar Singh* and an alias of *Harjinder Singh*. At the exclusion hearing on February 25, 1991, you [through your counsel], requested a change of venue to New York. The motion to change venue was granted to the immigration court in New York City. On November 2, 1992, at the exclusion hearing your attorney confronted the court and informed them that through an interpreter you disclosed to him that your correct name was not Harjinder Singh. Under oath before an immigration judge you stated your true and complete name to be "*Gurjand Singh*", you also indicated your true date of birth to be "February 14, 1964" and your place of birth to be "Manki, in the state of Punjab",India. You were present at your exclusion hearing. At this hearing, the judge denied the application for political asylum, denied the application for withholding of deportation and ordered that you be excluded and deported from the United States. On November 12, 1992 through counsel, you submitted an appeal of the decision to exclude you from the United States. On June 4, 1993, the Board of Immigration Appeals affirmed the immigration judge's decision and the appeal was dismissed.

You have repeatedly claimed that you were never excluded and deported from the United States on every application you have filed with the Immigration Service. You verbally claimed, while under oath, that you were not excluded from the United States during your naturalization interview. During your review hearing again while under oath you orally claimed not to have been excluded, and its obvious you relayed these facts to your counsel based on the remarks he included with the brief in support of the request for hearing. You were present for your deportation hearing where you were ordered excluded and deported by an immigration judge. You appealed the judge's decision to have you excluded and deported and there is no evidence to show you did not receive the Boards affirmation of excludability.

You also denied, while under oath, using any other name(s) or aliases name(s) during your naturalization interview. You reiterated these statements, again under oath, at the review hearing. When in fact the transcript from your deportation hearing states that you admitted (after two years) to the immigration judge to using a fraudulent name, *Harjinder Singh*, on your request for asylum, the basis for your admission into the United States. At which time you claimed your true name to be *Gurjand Singh*. You have continued to use the name Harjinder Singh while applying for immigration benefits, including your adjustment of status, application for

Page 3
A76 577 055

naturalization, and request for a hearing even though while in exclusion proceeding you claimed your name to be Gurjand Singh.

Title 8, Code of Federal Regulations, Part 316.10 states:

> (b)(2)(vi) *Finding of a lack of good moral character*. An applicant shall be found to lack good moral character if during the statutory period the applicant has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit.

It is determined that the Service did not err in denying your application for naturalization by stating that you provided false testimony for the purpose of obtaining an immigration benefit, when applying for naturalization false testimony applies regardless of whether the information provided in the false testimony is material. The decision to deny your application is affirmed. In addition, it is determined that you provided false testimony during your review hearing as you continued to claim that the exclusion and deportation pertained to another person and you continued to maintain that you were never ordered excluded and deported from the United States. You also, continue to deny that you have used other names, when there is not doubt that you have used alias names. You have been found to lack good moral character by providing false testimony for the purpose of obtaining an immigration benefit. You are ineligible to file another application for naturalization for five years after the date of this review hearing.

You may seek a review of the denial of your Application for Naturalization before the United States District Court for the district in which you reside in accordance with Chapter 7 of Title 5, United States Code. You must request a review within 120 days from the date of this decision. The court shall then, at the request of you as the petitioner, conduct a hearing de novo on your case.

Donald Monica
District Director

cc: Tahir Mella